**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **MARCIA R. MEOLI, Trustee for** | § | |
| **RENAE HOEBBEL** | § | **Case No.** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **-v-** | § | |
| | § | **COMPLAINT** |
| **EGS FINANCIAL CARE INC., fka** | § | |
| **NCO FINANCIAL SYSTEMS, INC.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

## INTRODUCTION

1. NCO Financial Systems, Inc. ("Defendant") made more than two hundred and thirty (230) telephone calls to Mrs. Hoebbel's cellular telephone in approximately three (3) months, in an attempt to collect a debt.

2. The calls occurred at all hours of the day and night. The calls came while Mrs. Hoebbel was at work teaching children, and when she was at home, caring for her family.

3. Mrs. Hoebbel had retained the services of Freedom Debt Relief to help repay her creditors. As part of the program, Mrs. Hoebbel sent letters to her creditors requesting that they cease contacting her.

4. Upon information and belief, Defendant or its assignor, received a letter instructing them to cease contacting Mrs. Hoebbel.

5. When Mrs. Hoebbel answered her telephone, she repeatedly asked Defendant to stop contacting her.

6. Despite Mrs. Hoebbel's reasonable requests that Defendant cease calling her, Defendant continued its campaign of harassment.

7. Defendant's unlawful conduct has cause Mrs. Hoebbel severe and substantial emotional distress, including physical and emotional harm, including but not limited to: anxiety, stress, headaches, pain, sleeping issues, anger, embarrassment, humiliation, depression, family strife, marital problems, utter frustration, shame, lack of concentration, amongst other injuries and negative emotions.

8. Defendant's aggressive and unlawful course of conduct forced Mrs. Hoebbel into the United States Bankruptcy Court so that she could finally obtain relief from Defendant's harassment.

9. Defendant's conduct is part of a business plan and practice of unlawful collection abuse including repeated and intrusive telephone calls, and failing to cease calling after being requested to do so.

10. On July 16, 2013, Defendant and the Federal Trade Commission ("FTC") entered into an agreement that Defendant would stop harassing consumers with illegal debt collection calls, and pay a $3.2 Million civil penalty – the largest ever obtained by the FTC against a third-party debt collector. **(Exhibit 1)**.

11. In its complaint, the FTC alleged that Defendant violated the law by using such tactics as calling consumers multiple times per day, calling even after being asked to stop, calling early in the morning or late at night, calling consumer's workplaces despite knowing that the employers prohibited such calls, and leaving phone messages that disclosed the debtor's name, and the existence of the debt, to third parties.

12. Under the consent agreement, Defendant agreed to cease communications if a consumer has requested no further contact, or if a consumer refuses to pay a debt.

13. Despite agreeing to cease such practices, Defendant continues to engage in abusive and unlawful collection practices.

14. Pursuant to the Fair Debt Collection  Act, 15 U.S.C. §1692 ("FDCPA"): (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices **contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

## JURISDICTION AND VENUE

1. The Trustee is the duly appointed and acting Trustee with respect to Renae and Kenneth Hoebbel, whose bankruptcy petition was filed on November 23, 2016.

2. When Mrs. Hoebbel filed an order for relief under the Bankruptcy Code, her estate became the owner of all of her property, including tort claims that accrued before she filed her bankruptcy petition. *See* 11 U.S.C. §541(a)(1) (defining the estate as "all legal or equitable interests of the debtor in property" when she files for bankruptcy.)

3. The Trustee sought permission from the United States Bankruptcy Court for the Western District of Michigan to pursue all claims on behalf of the debtor on April 14, 2017.

4. On October 3, 2017, Hon. James W. Boyd issued an order authorizing Jeffrey D. Mapes PLC to represent the estate in pursuit of its claims.

5. Jurisdiction of this Court arises under 28 U.S.C. § 157(a) and (b) and 1334, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

6. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et. seq.,* the Michigan Occupational Code M.C.L. §339.901 *et. seq.* ("MOC").

7. Venue is proper in this district because Defendant transacts business here and places phone calls into this district, and Plaintiff lives in this District.

## PARTIES

8. Marcia R. Meoli, Trustee ("Trustee") is the duly appointed and acting Trustee in this proceeding pursuant to 11 U.S.C. § 702(d). Accordingly, the Plaintiff is authorized and empowered to file, prosecute and/or settle all causes of actions in which the Debtors have an interest.

9. Mrs. Hoebbel is a natural person who resides in the City of Holland, County of Ottawa, State of Michigan. Mrs. Hoebbel is a "consumer" and "person" as the terms are defined and used in the FDCPA and TCPA. Mrs. Hoebbel is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

10. Mrs. Hoebbel is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

11. Defendant is a Pennsylvania corporation and is conducting business through its registered agent CSC-Lawyers Incorporating Service, 601 Abbott Rd., East Lansing MI, 48823.

12. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is a "debt collector" as the term is defined and used in the FDCPA and the TCPA. Defendant maintains a valid license from the State of Michigan to collect consumer debts in Michigan. Defendant is a "collection agency" and "licensee" as those terms are defined and used in the MOC.

14. The debt is the subject matter of this complaint was incurred for personal, family, and household purposes and is a "debt" as the term is defined and used in the FDCPA and MOC.

15. Mrs. Hoebbel is the regular user and carrier of the cellular telephone number at issue, (616) XXX-0274.

16. Mrs. Hoebbel was the "called party" during each phone call subject to this lawsuit.

17. Defendant intentionally harassed and abused Mrs. Hoebbel on numerous occasions by calling three to four times per day, and on back to back days, with such frequency as can reasonably be expected to harass.

18. Mrs. Hoebbel never provided Defendant, nor any of Defendant's assignors with her telephone number.

19. Each call the Defendant made to Mrs. Hoebbel was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

20. Between January 3, 2016 and March 23, 2016 Defendants placed at least two hundred and thirty four (234) calls to Mrs. Hoebbel's cellular telephone using an ATDS. (**Exhibit 2**).

21. Each call the Defendant made to the Mrs. Hoebbel's cell phone was done so without the "express permission" of Mrs. Hoebbel.

22. Mrs. Hoebbel's conversations with the Defendant demanding an end to the harassment were ignored.

23. Defendant has recorded at least one conversation with the Mrs. Hoebbel.

24. Defendant has recorded numerous conversations with the Mrs. Hoebbel.

25. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

26. Since 2015, Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

27. By effectuating these unlawful phone calls, Defendants have caused Mrs. Hoebbel the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

28. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Mrs. Hoebbel's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Mrs. Hoebbel's seclusion.

29. Defendant's phone calls harmed Mrs. Hoebbel by wasting her time.

30. Moreover, "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Mrs. Hoebbel by depleting the battery life on her cellular telephone, and by using minutes allocated to Mrs. Hoebbel by her cellular telephone service provider.

31. Defendant's corporate policy and procedures are structured as to continue to call individuals like Mrs. Hoebbel, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

32. Defendant's, corporate policy and procedures provided no means for Mrs. Hoebbel to have her aforementioned cellular number removed from the call list.

33. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Mrs. Hoebbel for its financial benefit.

34. Defendant, has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court 157 times since 2015 **(Exhibit 3)**.

35. Mrs. Hoebbel expressly revoked any consent Defendant may have mistakenly believed it had for placement of telephone calls to Mrs. Hoebbel's cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

36. Defendant never had Mrs. Hoebbel's express consent for placement of telephone calls to her aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

37. None of Defendant's telephone calls placed to Mrs. Hoebbel were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

38. Defendant violated the TCPA with respect to Mrs. Hoebbel.

39. Defendant willfully or knowingly violated the TCPA with respect to Mrs. Hoebbel.

40. Defendant violated the FDCPA with respect to Mrs. Hoebbel.

41. Defendant violated the MOC with respect to Mrs. Hoebbel.

### *Count I – Telephone Consumer Protection Act*

42. Defendant willfully violated the TCPA with respect to Mrs. Hoebbel each time they called her after she revoked her consent to being called by them using an ATDS or prerecorded voice.

43. Defendant knowingly violated the TCPA with respect to Mrs. Hoebbel, especially for each of the auto-dialer calls made to her cellular telephone after she revoked her consent to being called by them using an ATDS or pre-recorded voice.

44. Defendant repeatedly placed non-emergency telephone calls to the wireless telephone number of Mrs. Hoebbel using an automatic telephone dialing system or prerecorded or artificial voice without her prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

45. As a result of Defendant's illegal conduct, Mrs. Hoebbel suffered actual damages and, under § 227(b)(3)(B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

46. Mrs. Hoebbel is also entitled to, and does, seek injunctive relief prohibiting Defendant, from violating the TCPA in the future.

### *Count II – Violation of 15 U.S.C. § 1692d and MCL § 339.915(n)*

47. Pursuant to 15 U.S.C. §1692d(5), a debt collector may not cause a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

48. MCL § 339.915(n) prohibits licensees from Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor.

49. The majority of calls to Mrs. Hoebbel were either ignored by her or sent to voicemail.

50. Defendant placed an unreasonable amount of telephone calls to Mrs. Hoebbel with the intent to harass, annoy, abuse, and/or oppress her.

51. Defendant intentionally continued to contact Mrs. Hoebbel with the intent of annoying her enough that they could extract payment from her in violation of 15 U.S.C. §1692d(5) and MCL § 339.915(n).

### *Count III – Violation of MCL § 339.915(q)*

52. Pursuant to MCL § 339.915(q) a licensee may not fail to implement a procedure designed to prevent a violation by an employee.

53. Defendant's multiple violations of the MOC, FDCPA, and TCPA are evidence that there were no procedures implemented by Defendant that would have prevented a violation by employees.

## TRIAL BY JURY

54. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**Telephone Collection Practices Act**

55. Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.1200 (a)(1)(iii) by using an automatic dialing system to make numerous calls to the cellular telephones of Mrs. Hoebbel without consent.

56. Defendant's actions alleged herein constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

57. Defendant's actions alleged herein constitute numerous knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a) Statutory damages of $500.00 per call pursuant to 47 U.S.C. §227(b)(3)(B);

b) Treble damages of $1,500.00 per call pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C);

c) An injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. §§227(b)(3)(a).

**Fair Debt Collection Practices Act**

58. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include but are not limited to the following:

    a.  Defendant violated 15 U.S.C. §1692d.

**Wherefore,** Plaintiff seeks judgment against defendant for:

    a)  Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b)  Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

    c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    d)  Such further relief as the court deems just and equitable.

## Michigan Occupational Code

59. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not limited to the following:

    a.  Defendant violated M.C.L. §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

    b.  Defendant violated M.C.L. §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

**Wherefore**, Plaintiff seeks judgment against defendant for:

    a)  Actual damages pursuant to M.C.L. §339.916(2);

    b)  Treble the actual damages pursuant to M.C.L. §339.916(2);

    c)  Statutory damages pursuant to M.C.L. §339.916(2);

    d)  Reasonable attorney's fees and court costs pursuant to M.C.L. §339.916(2); and

    e)  Equitable relief pursuant to M.C.L. §339.916(2).

| Dated: January 27, 2018 | Respectfully submitted: |
|---|---|
| | __/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857 |