IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MARCIA R. MEOLI,<br>*Trustee for Renae Hoebbel*, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:18-cv-00097-RJJ-PJG |
| EGS FINANCIAL CARE, INC. *f/k/a*<br>NCO FINANCIAL SYSTEMS, INC., | § § § § | |
| Defendant. | § | |

## DEFENDANT'S, ANSWER AND AFFIRMATIVE DEFENSES

Defendant, EGS Financial Care, Inc. *f/k/a* NCO Financial Systems, Inc. ("EGS"), through counsel and under the Federal Rules of Civil Procedure, hereby submits this Answer and Affirmative Defenses to the complaint filed by plaintiff, Marcia R. Meoli ("plaintiff"), and states:

## INTRODUCTION

1. EGS denies the allegations in ¶ 1.

2. EGS denies the allegations in ¶ 2.

3. EGS denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein.

4. EGS denies the allegations in ¶ 4.

5. EGS denies the allegations in ¶ 5.

6. EGS denies the allegations in ¶ 6.

7. EGS denies the allegations in ¶ 7.

1

8. EGS denies the allegations in ¶ 8.

9. EGS denies the allegations in ¶ 9.

10. Exhibit 1 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 10 state otherwise, denied.

11. Exhibit 1 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 11 state otherwise, denied.

12. Exhibit 1 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 12 state otherwise, denied.

13. EGS denies the allegations in ¶ 13.

14. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 14 state otherwise, denied.

## JURISDICTION AND VENUE

1. EGS admits the allegations in ¶ 1.

2. EGS denies the allegations in ¶ 2 as calling for a legal conclusion.

3. The debtor's bankruptcy docket speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 3 state otherwise, denied.

4. The debtor's bankruptcy docket speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 4 state otherwise, denied.

5. Upon information and belief, EGS admits this Court has jurisdiction. Except as specifically admitted, EGS denies the allegations in ¶ 5.

6. EGS admits plaintiff filed this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et. seq.*, but denies any violations, liability, or wrongdoing under the law. Except as specifically admitted, TSI denies the allegations in ¶ 6.

7. EGS denies the allegations in ¶ 7.

## PARTIES

8. EGS denies the allegations in ¶ 8 as calling for a legal conclusion.

9. EGS denies the allegations in ¶ 9 as calling for a legal conclusion.

10. EGS denies the allegations in ¶ 10 as calling for a legal conclusion.

11. EGS denies the allegations in ¶ 11.

12. EGS admits part of its business is the collection of debts owed to others. Except as specifically admitted, EGS denies the allegations in ¶ 12.

13. EGS denies the allegations in ¶ 13 as calling for a legal conclusion.

14. EGS denies the allegations in ¶ 14 as calling for a legal conclusion.

15. EGS denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. EGS denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17. EGS denies the allegations in ¶ 17.

18. EGS denies the allegations in ¶ 18.

19. EGS denies the allegations in ¶ 19.

20. EGS denies the allegations in ¶ 20.

21. EGS denies the allegations in ¶ 21.

22. EGS denies the allegations in ¶ 22.

23. EGS denies the allegations in ¶ 23.

24. EGS denies the allegations in ¶ 24.

25. EGS denies the allegations in ¶ 25.

26. The federal docket speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 26 state otherwise, denied.

27. EGS denies the allegations in ¶ 27.

28. EGS denies the allegations in ¶ 28.

29. EGS denies the allegations in ¶ 29.

30. EGS denies the allegations in ¶ 30.

31. EGS denies the allegations in ¶ 31.

32. EGS denies the allegations in ¶ 32.

33. EGS denies the allegations in ¶ 33.

34. Exhibit 3 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 34 state otherwise, denied.

35. EGS denies the allegations in ¶ 35.

36. EGS denies the allegations in ¶ 36.

37. EGS denies the allegations in ¶ 37 as calling for a legal conclusion.

38. EGS denies the allegations in ¶ 38.

39. EGS denies the allegations in ¶ 39.

40. EGS denies the allegations in ¶ 40.

41. EGS denies the allegations in ¶ 41.

### *Count I – Telephone Consumer Protection Act*

42. EGS denies the allegations in ¶ 42.

43. EGS denies the allegations in ¶ 43.

44. EGS denies the allegations in ¶ 44.

45. EGS denies the allegations in ¶ 45.

46. EGS denies the allegations in ¶ 46.

### *Count II – Violation of 15 U.S.C. § 1692d and MCL § 339.915(n)*

47. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 47 state otherwise, denied

48. The MCL speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 48 state otherwise, denied.

49. EGS denies the allegations in ¶ 49.

50. EGS denies the allegations in ¶ 50.

51. EGS denies the allegations in ¶ 51.

### *Count III – Violation of MCL § 339.915(q)*

52. The MCL speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 52 state otherwise, denied.

53. EGS denies the allegations in ¶ 53.

### **TRIAL BY JURY**

54. EGS admits plaintiff has requested a trial by jury, but denies any violations, liability or wrongdoing.  Except as specifically admitted, EGS denies the allegations in ¶ 54.

## PRAYER FOR RELIEF

**Telephone Collection Practices Act**

55. EGS denies the allegations in ¶ 55.

56. EGS denies the allegations in ¶ 56.

57. EGS denies the allegations in ¶ 57.

**Fair Debt Collection Practices Act**

58. EGS denies the allegations in ¶ 58, including subpart a.

**Michigan Occupational Code**

59. EGS denies the allegations in ¶ 59, including subparts a-b.

## EGS'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. EGS denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of EGS's purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than EGS and were beyond the control or supervision of EGS or for whom EGS was and is not responsible or liable.

6.	Plaintiff has failed to state a claim against EGS upon which relief may be granted.

WHEREFORE, Defendant, EGS Financial Care, Inc. *f/k/a* NCO Financial Systems, Inc., requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

                                              Respectfully Submitted,

/s/ R. Glenn Knirsch
R. Glenn Knirsch (OH Bar # 0080770)
Sessions Fishman, Nathan & Israel, LLC
2647 Eaton Road
University Heights, OH 44118
Telephone: (216) 331-1308
Facsimile: (216) 823-0524
Email: rgknirsch@sessions.legal

Deborah A. Lujan (MI Bar # P46990)
COLLINS EINHORN FARRELL PC
4000 Town Center, 9th Floor
Southfield, MI 48075
Telephone: (248) 351-5417
Facsimile: (248) 351-6011
Email: deborah.lujan@ceflawyers.com

*Attorneys for Defendant,*
*EGS Financial Care, Inc.*
*f/k/a NCO Financial Systems, Inc.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on March 15, 2018, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Western District of Michigan and served via CM/ECF upon the following:

Jeffrey D. Mapes
Jeffrey D. Mapes PLC
29 Pearl Street NW, Suite 305
Grand Rapid, MI 49503
Telephone: (616) 719-3847
Facsimile: (616) 719-3857
Email: jeff@mapesdebt.com
*Attorney for Plaintiff*

                                                    /s/ R. Glenn Knirsch
                                                    R. Glenn Knirsch